IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOLOMON PENA,

    Plaintiff,

  v.                                            No. CIV 15-0410 LH/SCY

THE GEO GROUP, INC.,
DANIEL SOTO,
JAMES JANECKA,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's removed Civil Rights Complaint. Plaintiff is incarcerated and appears pro se. The state court granted Plaintiff free process and waived the filing fee (CM/ECF Doc. 6-1, pp. 18-19), and, based on the financial information in the state court record, this Court will grant him leave to proceed under § 1915. The removing Defendants have answered the complaint and moved for summary judgment. For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court assumes, for purposes of this Order, that the facts are as alleged in the complaint.  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff attempted to enter the prison's Education Resource Center ("ERC"), but Defendant Soto told him that the ERC was closed and denied him access to the center.  Plaintiff disagreed with Soto, stating that he knew the ERC was open, and demanded to know Soto's name.  Soto refused, and Plaintiff said, "You just made it worse for yourself."  Soto filed a misconduct report against Plaintiff, charging him with making threats and disobeying a lawful order.  The disciplinary hearing officer subsequently dismissed the report and imposed no punishment.  Plaintiff contends that the charges in the misconduct report were false and were made in retaliation for Plaintiff's demand to be allowed access to the ERC and to know Defendant Soto's name.  He also alleges the two other Defendants failed to supervise Defendant Soto, and that available administrative remedies are exhausted.  Plaintiff claims that Defendants' actions violated his rights under the First, Eighth, and Fourteenth Amendments as well as certain provisions of the New Mexico Constitution.  For relief, the complaint seeks damages.

Plaintiff's allegations do not support a claim of retaliation under the First or Eighth Amendment.  As Defendants note in their motion for summary judgment,[1] "The consensus of the cases that have considered the issue appears to be that an inmate's verbal challenges or rantings to correctional staff are not within the ambit of First Amendment protection."  *Johnson v. Carroll*,

---

[1] Although the Court considers the legal arguments that the parties make in the motion for summary judgment and related subsequent filings, the complaint's allegations are accepted as true, *See Ridge at Red Hawk v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), and are evaluated under the analytical standards for rulings under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure.

2

No. 2:08-cv-1494 KJN P, 2012 WL 2069561, at *33 (E.D. Cal. June 7, 2012).  A prisoner's "argumentative, confrontational, and disrespectful" statements are "outside the protection of the First Amendment."  *Id.* at *34.  In his responses (Docs. 8, 11), Plaintiff disagrees with this proposition, arguing that he made no threat nor disobeyed an order.   He fails, however, to provide authority to counter the rule that his statement to Defendant Soto--"You just made it worse for yourself"--which was clearly "argumentative, confrontational, and disrespectful," *id.*, was not constitutionally protected.  Plaintiff's complaint does not make a plausible showing that his demand for access, rather than his confrontational and disrespectful statement, was the "but for" reason for the misconduct report.   The Court will dismiss Plaintiff's federal retaliation claim.

Aside from the retaliation claim, the allegation that Soto filed a false misconduct report also fails to support a constitutional claim.  In *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986), the Second Circuit held that a prisoner's allegation that a guard "filed a false misbehavior report which initiated [a] procedurally flawed disciplinary hearing" did not state a claim for a constitutional deprivation.  "The filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing."  *Id.*; *see also Hanrahan v. Lane,* 747 F.2d 1137, 1141 (7th Cir. 1984) ("[An] allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim."), *quoted in Northington v. McGoff*, No. 91-1252, 1992 WL 149918, at *1, *4 (10th Cir. June 25, 1992)).  Plaintiff's federal claims based on allegations of a false disciplinary report will be dismissed.

Because Plaintiff's allegations fail to state claims against Defendant Soto, the complaint provides no grounds for his supervisory claims against Defendants GEO Group, Inc., and Janecka. "A private defendant such as [GEO Group, Inc.], can be liable under § 1983, but dismissal is

appropriate where, as here, the plaintiff has failed to adequately allege an underlying constitutional violation by one of its employees." *Allen v. Zavaras*, 430 F. App'x 709, 712 (10th Cir. 2011) (citations omitted). Likewise, "plaintiff must first show [Janecka]'s subordinates violated the constitution." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Plaintiff's allegations do not support supervisory claims under § 1983 against Defendants GEO Group, Inc., or Janecka, and the Court will dismiss these claims.

Last, Plaintiff contends that Defendants' alleged actions violated certain of his rights under state law. In view of the dismissal of all federal claims against Defendants, the question arises whether this Court should exercise jurisdiction of Plaintiff's state law claims. It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims. *See* 28 U.S.C. § 1367(a). The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Under the terms of the statute, the Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims and will remand the complaint to the state court.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's claims under federal law are DISMISSED with prejudice; Plaintiff's complaint is REMANDED to the New Mexico Fifth Judicial District Court, Lea County, for adjudication of his state law claims; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE